IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARYL GRAY,

       Petitioner,                     No.  2:13-cv-0190 JFM (HC)

   vs.

ELVIN VALENZUELA, et al.,

       Respondents.              <u>ORDER</u>

         Petitioner, a state prisoner proceeding pro se, has filed a civil action styled as a "Petition of Mandate" purportedly pursuant to 28 U.S.C. § 2255.  The initial pleading is on a form application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has also filed a request to proceed in forma pauperis.  This court will not rule on petitioner's request to proceed in forma pauperis.

         Petitioner is presently incarcerated at California Men's Colony in San Luis Obispo County.  He is serving a sentence for a conviction rendered by the Los Angeles County Superior Court.  In the petition, petitioner challenges conditions of his confinement and seeks "expeditious release to the community."  Although it is not entirely clear, it appears that this action should be construed as a civil rights action pursuant to 42 U.S.C. § 1983.

/////

1  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, petitioner has named the Governor of the State of California, the Warden of California Men's Colony, and the former Director of the California Department of Corrections and Rehabilitation (CDCR) as respondents. It is not clear whether any of those individuals are proper parties in this action. Petitioner's claim arose in the County of San Luis Obispo, which is in the Central District of California. Therefore, this action should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

In view of the allegations of the initial pleading, the Clerk of the Court will be directed to serve a copy of petitioner's initial pleading on counsel for the plaintiff class in Coleman v. Brown, No. 2:90-cv-0520 LKK JFM P.

Accordingly, IT IS HEREBY ORDERED that:

1. This court has not ruled on petitioner's application to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of petitioner's initial pleading on Michael Bien, Esq., Rosen Bien Galvan & Grunfeld, 315 Montgomery Street, San Francisco, CA 94104; and

/////

/////

1  3. This matter is transferred to the United States District Court for the Central
2  District of California.

3  DATED: February 6, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12/mp
gray0190.108a